UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONALD WEBBER<br>11342 Trenton Road NW<br>Uniontown, Ohio 44685<br><br>on behalf of himself and<br>all others similarly situated,<br><br>    Plaintiff<br><br>    vs.<br><br>NINE ENERGY SERVICE, INC.<br>c/o The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, Delaware 19801<br><br>    and<br><br>CDK PERFORATING, LLC<br>d/b/a NINE ENERGY SERVICE<br>c/o Incorp. Services, Inc.<br>9435 Waterstone Blvd, Suite 140<br>Cincinnati, Ohio 45249<br><br>    Defendants. | CASE NO.: 2:15-cv-1807<br><br>CHIEF JUDGE EDMUND A. SARGUS<br><br>MAGISTRATE JUDGE<br>TERENCE P. KEMP<br><br>**PLAINTIFF'S FIRST AMENDED<br>COMPLAINT**<br><br>(Jury demand endorsed hereon) |

Now comes Plaintiff, Ronald Webber, by and through counsel, and for a First Amended Complaint against Defendants Nine Energy Service, Inc. ("Nine Energy") and CDK Perforating, LLC d/b/a Nine Energy Service ("CDK"), states and alleges the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiff as a result of Defendants' practice and policy of failing to pay Plaintiff and other similarly-situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they

worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. § 4111.03, *et. seq.* (the "Ohio Class"), and the Pennsylvania Minimum Wage Act, ("PMWA"), 43 P.S. §§ 333.101, *et. seq.* and 34 Pa. Cons. Stat. § 231.1 *et seq*. (the "Pennsylvania Class").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because (1) Defendant Nine Energy conducts business throughout this District and Division; (2) Defendant CDK is a wholly owned subsidiary of Nine Energy; and (3) because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a resident of Stark County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

7. At all times relevant herein, Defendant Nine Energy was a Delaware Corporation and conducted business internationally, including within this District and Division.

8. At all times relevant herein, Defendant CDK was a Texas Limited Liability Company that was wholly owned by Defendant Nine Energy.

9. At all times relevant herein, Defendants Nine Energy and CDK were each an employer within the meaning of 29 U.S.C. § 203(d).

10. At all times relevant herein, Defendants Nine Energy and CDK were each an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all times relevant herein, Defendants were each an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all times relevant herein, Defendants Nine Energy and CDK were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

13. In particular, Defendant Nine Energy is the parent company of Defendant CDK.

14. There is common management between Defendant Nine Energy and Defendant CDK. Christopher Payson is employed by Defendant Nine Energy and is in charge of the operations of Defendant CDK.

15. Additionally, the board of directors for Defendant Nine Energy is the same board of directors that oversees Defendant CDK.

16. Moreover, Defendant Nine Energy controls the operations of Defendant CDK by overseeing and managing the activities of the employees of Defendant CDK. The management staff that is employed by Defendant Nine Energy supervises the work of the employees of Defendant CDK.

17. Additionally, Defendants Nine Energy and CDK represent to the world that they are one company. The website of Defendant Nine Energy is the following:

http://nineenergyservice.com/about/our-legacy.

18. On this website, Defendant Nine Energy states the following: "Nine is a merger of established, best-of-breed oilfield services companies including: Northern States Completions (NSC), CDK Perforating, Integrated Production Services Canada (IPS), Peak Pressure Control, Dak-Tana Wireline and Crest Pumping Technologies."

19. Under these facts Defendants were joint employers and/or constitute a single enterprise.

20. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

21. Defendant Nine Energy is an international oil and gas conglomerate that consists of NSC-Tripoint, CDK Perforating, Integrated Production Services Canada, Peak Pressure Control, Dak-Tana Wireline and Crest Pumping Technologies.

22. Defendant CDK is an energy company that provides wireline and tubing conveyed perforating services in Texas, Oklahoma, West Virginia, Ohio, New York and Pennsylvania and is a wholly-owned subsidiary of Nine Energy

23. Plaintiff Ronald Webber was employed by Defendant Nine Energy between approximately December 29, 2014 and March 1, 2015 as a wireline engineer.

24. Plaintiff Ronald Webber was offered the position with Defendant Nine Energy on approximately December 10, 2014 by Christine Wyke, the Human Resources Manager of Defendant Nine Energy.

25. Plaintiff Ronald Webber and other similarly-situated employees were employed by Defendants Nine Energy and/or CDK in Ohio and Pennsylvania, including but not limited to

Barnesville, Ohio and Washington, Pennsylvania.

26. Plaintiff Ronald Webber and other similarly-situated employees were employed by Defendants Nine Energy and/or CDK in wireline operation and service positions that include but are not limited to wireline engineers and operators (collectively "wireline employees").

27. Plaintiff Ronald Webber and other similarly-situated employees were often assigned by Defendants Nine Energy and/or CDK to work at various well sites in differing states. Crews from each of the states in which Defendants had a presence would be called upon from time to time to work in another state.

28. Plaintiff and other similarly-situated wireline employees were paid a salary and/or day rate for each day they worked.

29. Defendants required Plaintiff and other similarly-situated wireline employees to work approximately 12 to 18 hours per day, seven days per week.

30. Plaintiff Ronald Webber estimates that he worked 12 to 16 hour shifts seven days per week on average between December 2014 and March 2015.

31. However, Defendants failed to pay Plaintiff and other similarly-situated wireline employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek.

32. Rather than being paid overtime compensation, Plaintiff and other similarly-situated wireline employees were only paid a salary rate, a per diem rate, and/or bonuses.

33. Plaintiff and other similarly situated wireline workers were employees and not independent contractors.

34. Plaintiff and other similarly situated wireline workers were classified by Defendants as employees under the law.

35. Defendants represented to others, including the federal government, that Plaintiff and other similarly situated wireline workers were its employees.

36. Defendants classified Plaintiff and other similarly situated wireline workers as employees and withheld employment taxes from their pay

37. Defendants controlled the work of Plaintiff and other similarly situated wireline workers, including telling them where, when, and how to do their work.

38. Defendants enacted employment policies that Plaintiff and other similarly situated wireline employees were subject to.

39. Defendants provided to training to Plaintiff and other similarly situated wireline employees.

40. Defendants invested substantially more in its oil and gas operations than Plaintiff and other similarly situated wireline employees.

41. Defendants controlled how much Plaintiff and other similarly situated wireline employees earned.

42. Plaintiff and other similarly situated employees were not hired on a contract by contract basis, but were hired as full-time workers.

43. Under these facts, Plaintiff and other similarly situated workers were employees of Defendants under the law.

44. Defendants knowingly and willfully failed to pay Plaintiff and other similarly-situated wireline employees overtime compensation.

**COLLECTIVE ACTION ALLEGATIONS**

45. Plaintiff brings Count I of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be

adversely affected by Defendants' unlawful conduct.

46. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All current and former wireline employees employed by Defendants Nine Energy and/or CDK at any time between May 8, 2012 and the present.

47. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least several hundred persons.

48. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

49. These similarly-situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

50. Plaintiff brings Counts Two and Three of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other wireline employees employed in Ohio and Pennsylvania. Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following state

law sub-classes:

> (a) All current and former wireline employees employed by Defendant Nine Energy and/or CDK who worked in Ohio at any time between May 8, 2013 and the present.
>
> (b) All current and former wireline employees employed by Defendant Nine Energy and/or CDK who worked in Pennsylvania at any time between May 8, 2012 and the present.

51. The Ohio and Pennsylvania Classes are each so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of each potential Class, but upon information and belief, aver that each consists of at least 50 persons.

52. There are questions of law or fact common to the Ohio and Pennsylvania Classes, including but not limited to the following:

> (a) Whether Defendant Nine Energy and/or CDK failed to pay Plaintiffs and other class members all overtime pay due to them?
>
> (b) Whether Defendant Nine Energy and/or CDK failed to pay Plaintiffs and other class members overtime pay due to them in violation of the FLSA and Ohio law was willful?
>
> (c) Whether Defendant Nine Energy and/or CDK kept adequate records of the hours worked by Plaintiffs and the other class members?

53. The claims of named Plaintiff Ronald Webber are typical of the claims of other members of each of the Classes. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other Class members.

54. Named Plaintiff Ronald Webber will fairly and adequately protect the interests of the each of the Classes. His interests are not antagonistic to, but rather are in unison with, the interests of other Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of

the Ohio and Pennsylvania Classes in this case.

55. The questions of law or fact that are common to the Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to each of the Classes, listed above, are common to all of the Classes as a whole, and predominate over any questions affecting only individual class members.

56. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## **COUNT ONE**
**(Fair Labor Standards Act Violations)**

57. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

58. Defendants' practice and policy of not paying Plaintiff and other similarly-situated wireline employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. § 207.

59. By engaging in the above-mentioned practice and policy, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

60. As a result of Defendants' practice and policy, Plaintiff and other similarly-situated wireline employees have been damaged in that they have not received wages due to

them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code § 4111.03)

61. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

62. At all times relevant herein Defendants were an "employer" within the meaning of O.R.C. § 4111.03(D)(2).

63. Named Plaintiff Ronald Webber and other members of the Ohio Class are "employees" meaning of O.R.C. § 4111.03(D)(3).

64. Defendants' practice and policy of not paying Plaintiff and other similarly-situated wireline employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the OMFWSA, O.R.C. § 4111.03.

65. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## COUNT THREE
### (Violations of Pennsylvania Overtime Laws)

66. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

67. At all times relevant, Defendants were an "employer" within the meaning of PMWA, 43 P.S. §§ 333.103(g).

68. Named Plaintiff Ronald Webber and other members of the Pennsylvania Class are "employees" meaning of PMWA, 43 P.S. §§ 333.103(h).

69. Defendants' practice and policy of not paying Plaintiff and other similarly-situated wireline employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated 34 Pa. Cons. Stat. § 231.41.

70. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the PMWA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. An order certifying each of the State Law Classes as class actions pursuant to Fed. R. Civ. P. 23;

D. An order appointing Plaintiffs and their counsel as Class Counsel to represent the interests of the FLSA Class and the State Law Classes;

E. Award Plaintiff and the class he represents actual damages for unpaid overtime compensation;

F. Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff and the class;

G. Award Plaintiff and the class he represents pre- and post-judgment interest at the

statutory rate;

  H. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

  I. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

| /s/ Anthony J. Lazzaro | /s/ Don J. Foty |
|---|---|
| Anthony J. Lazzaro (0077962) | Don J. Foty (admitted pro hac vice) |
| Sonia M. Whitehouse (0088684) | John Anthony Neuman (admitted pro hac vice) |
| The Lazzaro Law Firm, LLC | Kennedy Hodges, L.L.P. |
| 920 Rockefeller Building | Texas State Bar No. 24050022 |
| 614 W. Superior Avenue | 711 W. Alabama Street |
| Cleveland, Ohio 44113 | Houston, Texas 77006 |
| Phone: 216-696-5000 | Telephone: (713) 523-0001 |
| Facsimile: 216-696-7005 | Facsimile: (713) 523-1116 |
| anthony@lazzarolawfirm.com | dfoty@kennedyhodges.com |
| sonia@lazzarolawfirm.com | Attorneys for Plaintiff |
| Attorneys for Plaintiff | |

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

      /s/ Anthony J. Lazzaro
      One of the Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2015, a copy of the foregoing *Plaintiff's First Amended Complaint* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

      /s/ Anthony J. Lazzaro
      One of the Attorneys for Plaintiff